IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDERICK TERRELL MYLES,

        Petitioner,

      v.

RICK COURSEY,

        Respondent.

Case No. 2:12-cv-00331-JE

FINDINGS AND RECOMMENDATION

Corrinne J. Lai
Attorney at Law
P.O. Box 2218
Lake Oswego, Oregon 97035

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court Robbery convictions and resulting sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

On September 13, 2007, petitioner was indicted by the Multnomah County Grand Jury on three counts of Robbery in the First Degree. On January 28, 2008, he pleaded guilty to two counts of Robbery in the First Degree in Multnomah County where, consistent with the plea agreement, the Circuit Court dismissed the remaining charge and imposed partially consecutive sentences resulting in a 120-month prison sentence. Respondent's Exhibit 105, pp. 19-20.

Petitioner took a direct appeal, but the Oregon Court of Appeals dismissed the case for lack of jurisdiction, and the Oregon Supreme Court denied review. Respondent's Exhibits 109, 113, 114.

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court dismissed the case on the State's motion. Respondent's Exhibits 117-119. Petitioner did not take an appeal from that decision.

Petitioner filed this federal habeas corpus case on February 23, 2012. Respondent filed his Answer to the Petition on November 19, 2012 and the court appointed counsel to represent petitioner on January 24, 2013. Petitioner concedes that he raises only

2 - FINDINGS AND RECOMMENDATION

procedurally defaulted claims.   He nevertheless asks the court to
reach the merits of an unpled sentencing claim on the basis that
the court did not appoint counsel to represent him at the time he
filed this case.[1]

## DISCUSSION

During petitioner's direct review, his appointed appellate
attorney submitted the Appellant's Brief pursuant to *State v.
Balfour*, 311 Or. 434, 814 P.2d 1069 (1991).[2]  In his *pro se* Section
B of the *Balfour* brief, petitioner alleged that the trial court's
imposition of consecutive sentences was unconstitutional.   While
petitioner continued to present his sentencing claim to the Oregon
Supreme Court, he did not include such a claim in his Petition for
Writ of Habeas Corpus.   Because petitioner's sentencing claim is
not contained within the operative pleading in this case, it is
ineligible for federal review.   *See* Rule 2(c), Rules Governing
Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each
habeas petition to "specify all the grounds for relief which are

---

[1]  Petitioner concedes that the Anti-terrorism and Effective
Death Penalty Act's one-year statute of limitations prevents him
from amending his Petition to include this claim.

[2] The *Balfour* procedure provides that counsel need not
ethically withdraw when faced with only frivolous issues.
Rather, the attorney may file Section A of an appellant's brief
containing a statement of the case sufficient to "apprise the
appellate court of the jurisdictional basis for the appeal."
*State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991).   The
defendant may then file the Section B segment of the brief
containing any assignments of error he wishes.   *Id* at 452.

available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

Petitioner asserts that the omission of this claim was not attributable to any fault on his part, and instead faults the court for not appointing counsel in a more timely fashion. He appears to argue that the Sixth Amendment entitles him to the immediate appointment of counsel in this action.

It is difficult to see how petitioner's omission of his sentencing claim is not attributable to him. Petitioner raised this sentencing claim *pro se* in Section B of his *Balfour* brief during his direct review. Nothing prevented him from raising the claim again in his *pro se* Petition for Writ of Habeas Corpus.

In addition, petitioner cites no authority to support his assertion that the Sixth Amendment guarantees him the right to the immediate appointment of counsel in a federal habeas corpus case. To the contrary, there is no constitutional right to appointed counsel in this case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). As such, the initial denial of counsel in this federal habeas proceeding does not excuse petitioner's failure to include his sentencing claim.

Even if petitioner had included a sentencing claim in his Petition for Writ of Habeas Corpus, he would not be entitled to relief. Petitioner argued during his direct appeal that:

4 - FINDINGS AND RECOMMENDATION

(1) juries, not judges, are empowered to determine whether sentences may be imposed consecutively; (2) the trial court failed to dismiss the third charge of Robbery in the First Degree as contemplated by the Plea Petition; and (3) consecutive sentences were not called for where petitioner's crimes were all committed on the same date and at the same location.

Trial judges are clearly entitled to impose consecutive sentences. *Oregon v. Ice*, 129 S.Ct. 711 (2009). In addition, the trial court did, in fact, dismiss Count Three of the Indictment and imposed exactly the sentence contemplated by the plea agreement. Respondent's Exhibit 105, p. 20. Moreover, plaintiff's crimes involved three different victims giving rise to three separate charges and the possibility that he could be sentenced consecutively as to each of those victims. ORS 137.123(5)(b). Accordingly, even if petitioner had raised such sentencing claims, he would be unable to show that he is entitled to habeas corpus relief.

### RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

5 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this __31__ day of December, 2013.

John Jelderks
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION